PEOPLE v COMER

Docket No. 318854. Submitted October 1, 2015, at Detroit. Decided
October 8, 2015, at 9:00 a.m. Leave to appeal sought.

Justin T. Comer pleaded guilty to charges of first-degree criminal
sexual conduct (CSC-I), MCL 750.520b(1)(c), and first-degree
home invasion, MCL 750.110a(3), in the St. Clair Circuit Court.
The court, James Adair, J., sentenced defendant to 51 months to
18 years in prison for the CSC-I conviction. Defendant sought
leave to appeal. In lieu of granting leave to appeal, the Court of
Appeals vacated defendant's CSC-I sentence and remanded for
resentencing. On remand, the court resentenced defendant to a
minimum of 42 months in prison for the CSC-I conviction. The
Michigan Department of Corrections notified the circuit court
that defendant's sentence should have included lifetime elec-
tronic monitoring. The court, Michael West, J., held a hearing on
the question and ruled, over objection, that defendant's plea was
defective. The circuit court offered defendant the chance to
withdraw his guilty plea or allow it to stand while acknowledging
that his plea carried with it lifetime electronic monitoring.
Defendant declined to withdraw his plea, and the circuit court
entered a new judgment of sentence maintaining the term of
incarceration previously imposed and adding a requirement of
lifetime electronic monitoring upon defendant's release from
prison. Defendant again sought leave to appeal. The Court of
Appeals denied defendant's delayed application, but the Supreme
Court remanded the case for consideration as on leave granted.
497 Mich 957 (2015).

The Court of Appeals *held*:

MCL 750.520b(2)(d) states that in addition to other penalties,
the court shall sentence a defendant convicted of CSC-I to lifetime
electronic monitoring under MCL 750.520n. In *People v Brantley*,
296 Mich App 546 (2012), the Court of Appeals held that while the
language of MCL 750.520n(1) indicates that a trial court must
order a defendant who is convicted of CSC-I to submit to lifetime
electronic monitoring only if the defendant was 17 years old or
older and the victim was less than 13 years old, examining the
statutory language in context, defendants convicted of CSC-I are

subject to lifetime monitoring regardless of the age of the defendant or the victim. Therefore, defendant was subject to lifetime electronic monitoring, and lifetime electronic monitoring should have been imposed as part of defendant's sentence. Because defendant's sentence did not include lifetime electronic monitoring, the sentence was invalid. MCR 6.429 states that the court may correct an invalid sentence. In *People v Harris*, 224 Mich App 597 (1997), the Court of Appeals held that a motion for resentencing is not a condition precedent for a trial court to correct an invalid sentence under MCR 6.429(A) and that the court rule does not set time limits with respect to a trial court's authority to correct an invalid sentence. In this case, the Court of Appeals was bound by *Harris*. The trial court, accordingly, was empowered to correct defendant's invalid sentence.

Affirmed.

GLEICHER, P.J., concurring, agreed with the result reached by the majority because she was compelled to do so by the decision in *Harris*, but in her view *Harris* was wrongly decided and should be overruled. MCR 6.429(A) establishes that a trial court has the authority to correct an invalid sentence. MCR 6.429(B) sets forth various time limits for filing a motion to correct an invalid sentence. These procedures clearly contemplate that a court may correct an invalid sentence only after a party has filed a motion seeking that relief. No motion was filed in this case. Notices sent by the Department of Corrections are merely advisory and do not excuse compliance with the relevant statutes and court rules. Under MCR 6.435(B), if a sentencing error is substantive, a court may only modify the sentence if it has not yet entered judgment in the case. In this case, the error was substantive. Because judgment was entered, the trial court lacked authority to correct the mistake. Further, the court abused its discretion by attempting to circumvent MCR 6.435 by withdrawing defendant's guilty plea and forcing him to enter a renewed plea of guilty. Under MCR 6.310(C), a defendant may move to withdraw his or her guilty plea within six months after sentence, and thereafter only in accordance with the procedure set forth in MCR 6.500 *et seq*. That did not happen in this case. The prosecution cited no authority empowering the trial court to independently decide, years after sentencing, that a defect in a plea proceeding allowed it to set aside the guilty plea. The Court of Appeals failed to address the implications of MCR 6.435 in *Harris*, and were it not for *Harris*, Judge GLEICHER would have vacated the electronic monitoring provision in defendant's sentence.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Michael D. Wendling*, Prosecuting Attorney, and *Hilary B. Georgia*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Suzanna Kostovski* (by *Suzanna Kostovski*) for defendant.

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM. Defendant pleaded guilty to first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c), and first-degree home invasion, MCL 750.110a(3). This Court vacated his original sentences for reasons not germane to this appeal, and new sentences were imposed. Neither the first nor the second CSC-I sentence included a provision for lifetime electronic monitoring as required under MCL 750.520b(2)(d).[1] Three and a half months after defendant was resentenced, the Department of Corrections notified the trial court that the judgment of sentence omitted "any specific language ordering lifetime electronic monitoring . . . ." Over defendant's objection, the trial court resentenced him a third time and imposed lifetime electronic monitoring.

Defendant asserts that he is not subject to lifetime electronic monitoring and that the trial court waited too long before imposing that punishment. Binding caselaw requires us to reject both arguments. Accordingly, we affirm.

I

In 2011, former St. Clair Circuit Court Judge James Adair sentenced defendant to 51 months' to 18 years'

---

[1] This provision required the court to sentence defendant to lifetime electronic monitoring under MCL 750.520n.

imprisonment for the CSC-I conviction. The judgment of sentence form included a line to be checked by the trial court indicating, "The defendant is subject to lifetime monitoring under MCL 750.520n." Judge Adair did not place a checkmark on this line or otherwise indicate in the judgment of sentence that defendant was subject to lifetime electronic monitoring.

Defendant sought leave to appeal his sentence, contending that the trial court had improperly scored several offense variables. In lieu of granting leave to appeal, we vacated defendant's CSC-I sentence and remanded for resentencing. *People v Comer*, unpublished order of the Court of Appeals, entered June 29, 2012 (Docket No. 309402). On October 8, 2012, Judge Adair resentenced defendant, lowering his minimum sentence for both convictions to 42 months' imprisonment. The second judgment of sentence form includes the same unchecked line referring to lifetime monitoring and omits any other reference to that punishment.

On January 29, 2013, the Michigan Department of Corrections notified Judge Adair that pursuant to *People v Brantley*, 296 Mich App 546; 823 NW2d 290 (2012), defendant's sentence should have included lifetime electronic monitoring. Defendant's previous appellate counsel, Jacqueline Ouvry, filed an objection, arguing that *Brantley* did not apply to defendant and that because the prosecution neglected to bring a motion to correct defendant's sentence, MCR 6.429(B)(3) precluded resentencing. Ms. Ouvrey further contended that the Supreme Court's opinions in *People v Cole*, 491 Mich 325; 817 NW2d 497 (2012), and *People v Lee*, 489 Mich 289; 803 NW2d 165 (2011), prohibited the court from amending defendant's sentence to add a provision for lifetime electronic monitor-

ing. The prosecution replied that *Brantley* applied, and that without a provision for lifetime electronic monitoring, defendant's sentence was invalid. The prosecution insisted that the court had the authority to correct defendant's sentence by offering him the opportunity to withdraw his previous guilty plea or allowing that plea to stand after being informed of the lifetime electronic monitoring requirement.

At a hearing conducted on April 29, 2013, Judge Michael West, Judge Adair's successor, found defendant's guilty plea "defective," declaring: "I'm not going to proceed further with the plea being defective." Ms. Ouvrey contended that omission of lifetime electronic monitoring constituted a "substantive mistake" that could be corrected only pursuant to a timely motion to correct an invalid sentence, which the prosecution had failed to file. The court rejected this argument, reasoning: "This is not a question of whether the sentence is invalid. This is a question as to whether the plea was invalid." Judge West then offered defendant the opportunity to withdraw his guilty plea or to allow the plea to stand while acknowledging that the plea "carries with it . . . lifetime electronic monitoring." Defendant declined to withdraw his plea. Judge West signed a new judgment of sentence maintaining the term of incarceration previously imposed and adding, "Lifetime GPS upon release from prison." (Capitalization altered.)

Defendant again sought appellate review of his sentence, and the trial court appointed different counsel. This Court denied defendant's delayed application for leave to appeal. *People v Comer*, unpublished order of the Court of Appeals, entered January 27, 2014 (Docket No. 318854). The Supreme Court remanded for consideration as on leave granted. *People v Comer*, 497 Mich 957 (2015).

II

Defendant first contends that *Brantley* "did not create a mandate to amend the Judgment of Sentence in every CSC-I case issued since 2006, where lifetime electronic monitoring was not applied." While we agree that no such "mandate" exists, we reject defendant's related argument that the law remains "not settled" regarding whether defendants convicted of CSC-I are subject to lifetime electronic monitoring. In *Brantley*, this Court considered the statutory circumstances under which a defendant convicted of CSC-I must submit to lifetime electronic monitoring. The defendant in that case contended that lifetime electronic monitoring could be imposed only if the defendant was 17 years old or older and the victim was less than 13 years old at the time of the offense. *Brantley*, 296 Mich at 556. The majority conceded that "the language of MCL 750.520n(1) does seem to indicate that a trial court must order a defendant who is convicted of CSC-I to submit to lifetime electronic monitoring *only* if the defendant was 17 years old or older, and the victim was less than 13 years old." *Id.* at 557. Over a strong dissent by Judge K. F. KELLY, the majority nevertheless determined that "in context" and pursuant to a tool of statutory interpretation known as the last-antecedent rule, defendants convicted of CSC-I under MCL 750.520b(1)(c) are subject to lifetime monitoring under MCL 750.520b(2)(d), regardless of the age of the defendant or the victim. *Id.* at 557-559.

In *People v King*, 297 Mich App 465, 487; 824 NW2d 258 (2012), the majority criticized *Brantley*'s reasoning and called for a conflict panel to resolve which defendants convicted of CSC-I are subject to lifetime electronic monitoring. This Court declined to convene a conflict panel, *People v King*, 297 Mich App 802 (2012),

and the Supreme Court denied the defendant's application for leave to appeal. *People v King*, 493 Mich 938 (2013). More recently, in *People v Johnson*, 298 Mich App 128, 135-136; 826 NW2d 170 (2012), we reiterated that MCL 750.520b(2) "requires lifetime electronic monitoring for first-degree criminal sexual conduct convictions when the defendant has not been sentenced to life in prison without the possibility of parole." We are required to follow *Brantley* and *Johnson*, MCR 7.215(J)(1), and conclude that the law is now settled: defendant was subject to lifetime electronic monitoring when he was first sentenced in 2011.

In *Cole*, 491 Mich at 327, 336, the Supreme Court held that when enacting MCL 750.520n(1), the Legislature intended to make lifetime electronic monitoring part of the sentence itself for CSC-I. Accordingly, because defendant's sentence did not include electronic monitoring, it was properly considered invalid by the trial court.

III

We next consider whether the trial court possessed the authority to correct defendant's sentence 20 months after the original sentencing.[2] Our resolution of this issue hinges on our interpretation of several rules of criminal procedure. We interpret and apply these rules de novo. *Lee*, 489 Mich at 295. In doing so, we are guided by the general rules of statutory interpretation. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002). Foremost among those rules is that we must give effect to the intent and purpose underlying them. *Brown v Gainey Transp Servs, Inc*,

---

[2] Defendant's 4½-page brief on appeal only tangentially raises this issue, but we consider it nonetheless as defendant raised this issue more fully in a reply brief filed *in propria persona* in the Supreme Court.

256 Mich App 380, 383; 663 NW2d 519 (2003). Because
both judgments of sentence violated the law by omit-
ting a provision for lifetime monitoring, we train our
attention on the rules governing correction of invalid
sentences.

MCR 6.429 is titled "Correction and Appeal of Sen-
tence." Subrule (A) concerns a court's "Authority to
Modify" a sentence. It provides that either party may
move "to correct an invalid sentence . . . ." The rule
continues, "The court may correct an invalid sentence,
but the court may not modify a valid sentence after it
has been imposed except as provided by law."

In *People v Harris*, 224 Mich App 597, 601; 569
NW2d 525 (1997), this Court held that "a motion for
resentencing is not a condition precedent for a trial
court to correct an invalid sentence under MCR
6.429(A)," and that the court rule "does not set time
limits with respect to a trial court's authority to correct
an invalid sentence." Further, *Harris* broadly declares,
"There being no time restrictions specified in MCR
6.429(A), we decline to construe this court rule as
containing a jurisdictional time limitation. Therefore,
there was no impediment to the time of the trial court's
decision . . . that would preclude it from ordering a
resentencing pursuant to MCR 6.429(A)." *Id.* We are
bound by *Harris*. MCR 7.215(J)(1). Accordingly, the
trial court was empowered to correct defendant's in-
valid sentence without time limitation.

We affirm.

GLEICHER, P.J., and SAWYER and MURPHY, JJ., con-
curred.

GLEICHER, P.J. (*concurring*). I concur with the result
reached in the majority opinion only because I am

compelled to do so by *People v Harris*, 224 Mich App 597; 569 NW2d 525 (1997). In my view, *Harris* was wrongly decided and should be overruled by our Supreme Court. Further, I believe that the Supreme Court has signaled, albeit in obiter dictum, that the analysis set forth in *Harris* is deeply flawed. Were it not for *Harris*, I would vacate the electronic monitoring provision from defendant's sentence.

Resolution of this case hinges on an interpretation of two closely related court rules. The first, MCR 6.429 sets forth two relevant subrules. Subrule (A) establishes that a trial court possesses the authority to correct an invalid sentence. Subrule (B), titled "Time for Filing Motion," sets forth various time limits for filing a motion to correct an invalid sentence. Subrule (B)(1) provides that "[a] motion to correct an invalid sentence may be filed before the filing of a timely claim of appeal." If a claim of appeal has already been filed, a motion to correct an invalid sentence may be filed only in accordance with the procedure set forth in MCR 7.208(B), or the remand procedure set forth in MCR 7.211(C)(1).[1] MCR 6.429(B)(2). If the matter involves a defendant who may only appeal by leave (as here), a motion to correct an invalid sentence must be filed "within 6 months of entry of the judgment of conviction and sentence." MCR 6.429(B)(3). When a defendant is no longer entitled to appeal by leave, "the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500." MCR 6.429(B)(4).

---

[1] MCR 7.208(B)(1) provides that "[n]o later than 56 days after the commencement of the time for filing the defendant-appellant's brief" in the Court of Appeals, the defendant may file in the trial court a motion to correct an invalid sentence. MCR 7.211(C)(1) addresses motions to remand filed in the Court of Appeals "[w]ithin the time provided for filing the appellant's brief . . . ." Neither rule applies here.

These procedures clearly contemplate that a court may correct an invalid sentence only after a party has filed a motion seeking that relief. Although MCR 6.429(A) imbues a court with the *authority* to correct an invalid sentence, MCR 6.429(B) describes in considerable detail the *process* for correcting an invalid sentence. That process commences with the filing of a motion. Justice STEPHEN MARKMAN reached the same conclusion when dissenting from an order denying leave to appeal in *People v Peck*, 481 Mich 863, 867 (2008) (MARKMAN, J., dissenting). Joined by Justice CAVANAGH, Justice MARKMAN wrote that MCR 6.429 "requires that a 'motion' be 'filed' by a 'party' before a trial court may correct a sentence." *Id.* at 867 n 1. No motion was filed in the case at bar.

Furthermore, I believe that the Supreme Court's opinion in *People v Holder*, 483 Mich 168; 767 NW2d 423 (2009), comes close to implicitly overruling *Harris*. The defendant in *Holder* committed several crimes after receiving a parole discharge from prison. *Id.* at 169. The trial court sentenced him for those crimes. Subsequently, the Department of Corrections (DOC) notified the defendant and the trial court that it had "cancelled" the defendant's parole discharge. The DOC asked the judge "to amend defendant's judgment of sentence to reflect that the sentence imposed was to be served consecutively to the sentence for which defendant was on parole." *Id.* at 170. The judge complied with this request. *Id.* The Supreme Court held that "[b]ecause the original judgment of sentence was valid when imposed, the sentencing judge had no authority to modify it pursuant to MCR 6.429(A)," and vacated the amended sentence. *Id.* The Supreme Court emphasized that notices sent by the DOC to trial courts "are merely advisory and informational in nature," and do

not excuse compliance with "the relevant statutes and court rules." *Id.*

*Holder* is distinguishable from this case, as the sentence in *Holder* was valid when imposed while defendant's sentence was not. However, in obiter dictum the *Holder* Court observed:

> While the DOC certainly has an obligation to ensure that any sentence executed is free from errors, the department is not a party to the underlying criminal proceedings under either MCR 6.429 or MCR 6.435. As a result, we wish to reiterate that *any* notices sent from the DOC to the courts and parties regarding sentencing errors are merely informational, and any requests contained therein merely advisory. Any judge receiving such a notice must ascertain the nature of the claimed error, determine whether the error implicates a defendant's sentence, and consider the curative action recommended by the DOC. It is imperative, however, that any corrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules. *Significantly, if the claimed error is substantive, the court may modify the sentence only "[a]fter giving the parties an opportunity to be heard" and if "it has not yet entered judgment in the case. . . ." MCR 6.435(B).* Similarly, if the original judgment of sentence was valid when entered, MCR 6.429(A) controls and mandates that the court "may not modify a valid sentence after it has been imposed except as provided by law." [*Id.* at 176-177 (emphasis altered; bracketed alteration in original).]

Here, as in *Holder*, a letter from the DOC triggered the trial court's correction of defendant's sentence. Here, as in *Holder*, the error was substantive rather than clerical. I conclude, as the Supreme Court indicated in *Holder*, that the procedure for correcting a substantive error is governed by MCR 6.435(B).

MCR 6.435 empowers courts to correct "mistakes." This court rule distinguishes between two types of mistakes—"clerical" and "substantive"—as follows:

(A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

(B) Substantive Mistakes. After giving the parties an opportunity to be heard, *and provided it has not yet entered judgment in the case*, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous. [Emphasis added.]

Because the omission of lifetime electronic monitoring from both judgments of sentence constituted a substantive rather than a clerical mistake, were it not for *Harris,* I would hold that the trial court lacked the authority to correct this mistake.

According to the 1989 Staff Comment to MCR 6.435, Subrule (A) permits a court to correct "an inadvertent error or omission in the record, or in an order or judgment." The purpose of Subrule (A) "is to make the lower court record and judgment accurately reflect what was done and decided at the trial level." *Central Cartage Co v Fewless,* 232 Mich App 517, 536; 591 NW2d 422 (1998) (discussing MCR 2.612(A)(1), which is identical to MCR 6.435(A)) (citation and quotation marks omitted).

The staff comment explains that Subrule (B), addressing "substantive mistakes," "pertains to mistakes relating not to the accuracy of the record, but rather, to the correctness of the conclusions and decisions reflected in the record." The comment continues, "Substantive mistake refers to a conclusion or decision that is erroneous because it was based on a mistaken belief in the facts or the applicable law." MCR 6.435, 1989 Staff Comment. The comment provides the following examples intended to "illustrate the distinction" between clerical and substantive mistakes:

> A prison sentence entered on a judgment that is erroneous because the judge misspoke or the clerk made a typing error is correctable under subrule (A). A prison sentence entered on a judgment that is erroneous because the judge relied on mistaken facts (for example, confused codefendants) or made a mistake of law (for example, unintentionally imposed a sentence in violation of the *Tanner* rule[2]) is a substantive mistake and is correctable by the judge under subrule (B) until the judge signs the judgment, but not afterwards. [*Id.*]

During defendant's first two sentencing hearings, neither Judge Adair nor the prosecuting attorney mentioned lifetime electronic monitoring. Most likely, this was because it remained unclear whether lifetime electronic monitoring was required when a defendant's CSC-I offense did not involve a child under the age of 13. *People v Brantley*, 296 Mich App 546; 823 NW2d 290 (2012), and *People v King*, 297 Mich App 465; 824 NW2d 258 (2012), illustrate the disagreement over this legal question. In my view, Judge Adair (and the prosecutor) neglected to raise the issue of lifetime monitoring because both were "laboring under a misconception of the law . . . ." See *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981). Their misconception gave rise to a substantive mistake requiring correction. Under MCR 6.435(B), that correction could only occur before the court entered a judgment of sentence.

Notably, in *Harris*, this Court failed to address MCR 6.435. I believe that properly construed, MCR 6.435 governs the procedure for correcting mistakes that render a sentence invalid. Although MCR 6.429 em-

---

[2] The "*Tanner* rule" refers to the prelegislative-sentencing-guidelines rule that a defendant's minimum sentence could be no more than ⅔ of his or her maximum sentence. See *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972).

powers a trial court to make corrections, MCR 6.435 imposes limits on that authority. Because the correction of substantive mistakes must occur before entry of the judgment of sentence, I believe that Judge West was foreclosed from adding lifetime electronic monitoring as a term of defendant's sentence.

Finally, I believe that Judge West erred by attempting to circumvent MCR 6.435 by withdrawing defendant's guilty plea and forcing him to enter a renewed plea of guilty. A defendant may move to withdraw his guilty plea within six months after sentence is imposed, and thereafter only in accordance with the procedure set forth in MCR 6.500 *et seq*. MCR 6.310(C). Defendant did not move to withdraw his guilty plea within six months, and never invoked the procedures set forth in MCR 6.500 *et seq*. MCR 6.310(C) further provides:

> If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea.

In context, this provision of MCR 6.310(C) relates to the trial court's determination of a *motion* brought by a defendant to withdraw a guilty plea. MCR 6.310(E) allows a court to vacate a plea on a prosecutor's motion "if the defendant has failed to comply with the terms of a plea agreement." I have located no authority empowering a trial court to independently decide, years after sentencing, that a defect in the plea proceeding required setting aside a guilty plea. Moreover, in *People v Strong*, 213 Mich App 107, 111-112; 539 NW2d 736 (1995), this Court emphasized that a "trial court may exercise its discretion to vacate an accepted plea only

under the parameters of the court rule." Therefore, in my view the trial court abused its discretion by withdrawing defendant's guilty plea and requiring him to re-plead, and this defective procedure did not restart the clock under MCR 6.435(B).

*Harris* permits a trial court to substantively modify a defendant's sentence without a motion, and at any time. I believe that MCR 6.435 was intended to rein in a court's authority to alter even an invalid sentence, and urge the Supreme Court to consider this question.